IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CR-161-WKW |
| | ) | [WO] |
| WALTER RAMON LETT | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Walter Ramon Lett's motion (Doc. # 19) under

18 U.S.C. § 3145(b) for revocation of the Magistrate Judge's Order (Doc. # 16)

detaining Defendant pending trial. The court has independently examined the

proceedings before the Magistrate Judge, including the transcript of the detention

hearing and the pretrial services report, as well as the post-detention arguments.

(Docs. # 17, 15-1, 19, 23.) Upon careful consideration of the arguments of counsel,

the evidence presented, and the relevant law, the court finds that Defendant's motion

is due to be denied.

## I. JURISDICTION

A defendant whom the magistrate judge has ordered detained pending trial

may move the court with original jurisdiction over the offense to revoke or amend

the order of detention. 18 U.S.C. § 3145(b).

## II. BACKGROUND

On May 1, 2018, the grand jury returned an indictment against Defendant for possession of a firearm by a convicted felon, a felony charge that carries a term of imprisonment of up to ten years. Defendant was allegedly found in possession of a handgun during a traffic stop, and he has consistently claimed that the handgun was provided to him in connection with his employment as a security guard. After Defendant's arrest, the Government timely moved to detain Defendant due to the nature of the charge against him and the flight risk he posed. (Doc. # 4.) On May 16, 2018, the Magistrate Judge held a hearing on the motion.

In addition to the testimony, proffers, and arguments made at the hearing, the Magistrate Judge considered the pretrial services report prepared by the U.S. Probation Office. That report documented Defendant's state convictions, including (as particularly relevant here) convictions for: receipt and/or possession of a firearm by a convicted felon (2004); theft by taking and being a fugitive from justice (2002); manufacturing, selling, dispensing, and/or distributing a controlled substance (2014); giving false information to a police officer (2004); two instances of possession of marijuana (2004, 2005); two instances of possession of cocaine with intent to distribute (2005, 2008); and three instances of third-degree burglary (2006, 2011, 2012). In total, the report indicated that Defendant has at least nine felony convictions. Additionally, Defendant has a charge pending in municipal court for

third-degree domestic violence and/or harassment. The report also noted multiple probation violations, failure-to-pay warrants, and failures to appear. (The testimony at the hearing revealed a failure to appear last month that was not noted in the report.) The report further provided that Defendant had worked for Sport Cuts and Equalizer Security for at least a year.

At the end of the hearing, the Magistrate Judge found that although the Government had not carried its burden of proving that Defendant is a flight risk, the Government did carry its burden of showing by clear and convincing evidence that Defendant is likely to pose a harm to the community if he is released on bond pending trial. In finding that Defendant was not a flight risk, the Magistrate Judge cited Defendant's community ties and employment. In finding that Defendant is likely to pose a harm to the community, the Magistrate Judge relied on Defendant's extensive criminal history and the weight of the evidence against him in this case. The Magistrate Judge later issued a written order granting the Government's motion for detention "for the reasons stated on the record during the hearing." (Doc. # 16.) However, the Magistrate Judge never expressly found that no condition or combination of conditions less restrictive than pretrial detention will reasonably assure the safety of the community.

# III. DISCUSSION

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–3150, governs the release or detention of a defendant pending trial. "Section 3142(e) accords the judicial officer substantial latitude in determining whether pretrial detention is appropriate." *United States v. King*, 849 F.2d 485, 487 (11th Cir. 1988). A finding that a defendant poses a flight risk *or* is a danger to another person or the community requires his detention pending trial. 18 U.S.C. § 3142(e)(1).

When a detainee moves to revoke or amend a magistrate judge's pretrial detention order, "the district court must conduct an independent review to determine whether the magistrate properly found that pretrial detention is necessary." *King*, 849 F.2d at 490. The reviewing court is not required to conduct a hearing, however. Where the "pleadings and the evidence" demonstrate that the magistrate judge's "factual findings are supported" and the "legal conclusions are correct," the district court can "explicitly adopt the magistrate's pretrial detention order." *Id.* Where "no factual issues remain unresolved, the district court need not enter findings of fact when adopting the magistrate's pretrial detention order. Otherwise, the district court's function would be reduced to the mere duplicitous task of reproducing the magistrate's pretrial detention order." *Id.*

In light of the foregoing principles, the court has conducted an independent review of the record, which was sufficiently developed before the Magistrate Judge.

The court has reviewed the transcript of the detention hearing, the pretrial services report, and Defendant's motion. Based upon that review and upon consideration of all of the arguments and evidence, the court finds that there are no factual disputes that require resolution and that, consistent with the Magistrate Judge's finding, no condition or combination of conditions less restrictive than pretrial detention will reasonably assure the safety of the community.

This finding is confirmed by consideration of the factors the court must consider under 18 U.S.C. § 3142(g). The offense charged involves a firearm, *id.* § 3142(g)(1), and the weight of the evidence against Defendant is substantial, *id.* § 3142(g)(2). Admittedly, his physical and mental condition does not raise significant concerns, and his family ties, employment as a barber, length of residence in the community, and community ties arguably weigh in his favor. *Id.* § 3142(g)(3)(A). But Defendant's extensive criminal history spanning nearly two decades — which includes multiple drug convictions, multiple probation violations, and multiple failures to appear — demonstrates his disrespect for the law and weighs strongly against him. The conduct underlying the current offense in conjunction with Defendant's past criminal conduct — which also includes multiple convictions for burglary and various forms of theft and a pending domestic violence charge — raise serious concerns about the danger to the community that would be posed by Defendant's release. *Id.* § 3142(g)(4).

There is no reason to think that danger would be alleviated by any of the release conditions listed in 18 U.S.C. § 3142(c)(1), much less the conditions Defendant highlights in his motion. Defendant first suggests that the court can require Defendant to "refrain from possessing firearms." (Doc. # 19, at 11; *see* 18 U.S.C. § 3142(c)(1)(B)(viii).) But Defendant is already prohibited from possessing firearms due to his prior felony convictions; he should be well aware of that prohibition after his 2004 conviction for receipt and/or possession of a firearm by a convicted felon, but he nonetheless stands accused of violating that prohibition once again. Two of the other conditions Defendant proposes — maintaining his current employment and living with his mother (Doc. # 19, at 11) — failed to keep Defendant from allegedly committing the instant offense; in fact, Defendant has blamed one of his coworkers for giving him a firearm in connection with one of his jobs (Doc. # 17, at 7–8, 25–26; Doc. # 19, at 2). The other § 3142(c)(1) conditions, regardless of whether Defendant has highlighted them, do not appear sufficient — independently or in combination — to alleviate the danger to the community posed by Defendant.

In short, the Government has carried its burden of showing by clear and convincing evidence, 18 U.S.C. § 3142(f), that no condition or combination of conditions less restrictive than pretrial detention will reasonably assure the safety of the community.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's motion (Doc. # 19) under 18 U.S.C. § 3145(b) for revocation of the Magistrate Judge's Order is DENIED and the Magistrate Judge's Order of detention (Doc. # 16) is ADOPTED and AFFIRMED.  Defendant shall remain in the custody of the Attorney General for confinement without bond pending a final disposition in this case.

DONE this 18th day of June, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE